UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MANUEL PARA,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK,
PETER JOHNSON, TERRENCE
BLUMENBERG,
JOHN AND JANE DOES 1-5

                  Defendants.
-------------------------------------------------------------------x

**COMPLAINT**

Jury Trial

16 CV 2570 (AT)

        Plaintiff MANUEL PARA (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, Esq., and Robert Blossner, Esq. respectfully allege as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

    2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.          8. Defendant City of New York is a municipality formed within the laws and constitution of the State of New York.

9. Defendants PETER JOHNSON and TERRENCE BLUMENBERG, and John and Jane Does are/were officers with the 34th precinct of the NYPD at the time when plaintiff's claims arose. The individual defendants are/were part of a special unit that is formed to combat drug crimes within the confines of the 34th precinct. They are sued in their individual, supervisory and official capacities.

## FACTS

10. On July 27, 2014, at approximately 8 pm, plaintiff Parra was in the vicinity of Arden Street in the County of New York when he was arrested by defendant Johnson based on an alleged observation by defendant Blumenberg.

11. Parra was transported to the 34th precinct where he was subjected to unlawful and unnecessary strip-search which included anal cavity search.

12. Parra was then transported to central booking where he spent more than 40 hours in jail before he was released.

13. Parra was forced to appear in criminal court many times for these false charges.

14. On May 13, 2015, the false charges against him were dismissed on the motion by the DA's office.

### AS AND FOR A FIRST CAUSE OF ACTION(Unlawful search/Excessive use of force/false arrest-Fourth Amendment)

15. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

16. Defendants had no reason to search and arrest the plaintiff.

17. Yet, Plaintiff Para was yanked, thrown and arrested on false charges on the foregoing date. Plaintiff Para was targeted by defendants Johnson and Blumenberg.

18. Defendants Johnson and Blumenberg used excessive force and assaulted plaintiff Para and falsely arrested him. Defendants Johnson and Blumenberg also subjected plaintiff Para to unnecessary and intrusive strip-search.

19. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be under the Fourth and Fourteenth Amendments were violated.

### AS AND FOR A SECOND CAUSE OF ACTION(Deprivation of Rights under 14th Amendment-Due Process/Mal.Pros.)

20. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

21. The Defendants' conduct herein was an abuse of executive power so

clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

22. Plaintiff Para was targeted by defendants Johnson and Blumenberg who initiated false and baseless proceedings against him.

23. Defendants Johnson and Blumenberg knew that if they forwarded the false and unreliable and fabricated information to the DA's office, plaintiff would be prosecuted. The fabrication included defendants accusing plaintiff of having marijuana on their possession and that plaintiff was observed smoking and or selling marijuana.

24. Yet these individual defendants never retracted their false paperwork and continued the prosecution based on malice. Defendants knew plaintiff would have to appear before a judge on numerous occasions. Defendants never showed for court to testify on their individual/joint criminal court complaints.

25. The criminal proceedings were terminated in plaintiff's favor.

26. As a result of the foregoing, Plaintiff was deprived of his rights secured under the Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. Defendants Johnson and Blumenberg had no probable cause to arrest plaintiff.

29. These Defendants relied on false information provided by each other.

30. Defendants falsely testified in the criminal court complaint that they had observed plaintiff committing a crime.

31. Defendants observations were illusory and not based on actual facts but rather fabricated version of the events. Defendants lied about the fact that plaintiff had marijuana on them and that plaintiff was observed smoking and or selling marijuana.

32. Yet they fabricated the charges against plaintiff, detained him and strip-searched plaintiff Para and forwarded the fabricated information to the DA's office.

33. The DA's office realizing the untrustworthiness of the charges against plaintiffs in all incidents, declined to prosecute.

34. The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

35. As a result of defendants' conduct, plaintiff suffered constitutional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal and Supervisory Liability)

36. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, and practice.

38. The aforementioned customs, usages, and practices of the City and Police Department included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the City and Police Department were

deliberately indifferent when they engaged in a custom or practice of inadequate training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

39. In addition, the Defendant's superior officers (John and Jane Does) whose duty it was to review and screen all arrests for propriety upon presentation by the individual defendants seeking to make an arrest routinely ratified such arrests without questioning the facts underlying same.

40. Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after an arrest is made. Furthermore, individual defendants from the 34th precinct routinely arrest minorities without probable cause. As a result of the failure of the City and Police Department through John and Jane Does to properly train, discipline, and supervise the individual Defendants, Defendants have tacitly authorized and the acts and conduct complained of herein

41. In addition, defendants routinely file false charges against innocent individuals to justify their need to make quotas or overtime. The individual defendants are from the same precinct, deploy similar unconstitutional tactics and their behavior is known to their superiors. Yet the City through the NYPD is deliberately indifferent in failing to train or re-train these individual defendants.

42. The foregoing customs and practices have resulted in multiple judgments against the City involving lawsuits that contain similar facts and allegations.

43. The foregoing acts by the individually named and John and Jane Doe were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
(42 U.S.C. 1981)

44. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

45. Defendants targeted Plaintiff and falsely accused him of crimes because of his race, ethnicity and color.

46. Defendants intentionally discriminated against plaintiff and in so doing denied him the full and equal benefits and equal protection under the laws.

47. As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in the amount of ONE HUNDRED THOUSAND DOLLARS for each cause of action;

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages in an amount determined by the jury;

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York April 12, 2016
PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*